UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

WESLEY WEIDNER,

    Plaintiff,

v.

STATE OF NEVADA, et al.,

    Defendants.

Case No. 2:16-cv-02301-KJD-NJK

**ORDER**

Presently before the Court is Defendants' Motion for Partial Judgment on the Pleadings (#21). Plaintiff filed a response (#25) to which Defendants replied (#27). Also before the Court is Plaintiff's Motion to Amend/Correct Complaint (##24, 26). Defendants filed a response (##29, 30) to which Plaintiff replied (##32, 33).

**I. Background**

Beginning in October 2014, Wesley Weidner ("Plaintiff") was in the custody of the Nevada Department of Corrections at the High Desert State Prison ("HDSP") in Indian Springs, Nevada. On March 17, 2015 at approximately 3:40 p.m., HDSP officials were transporting Plaintiff in handcuffs through Unit 3-A when he was stabbed nine times by two inmates with a four to six inch blade. Plaintiff claims the attack was carried out by members of the Aryan Warriors prison gang, and that while the attack was in process, certain defendants failed to intervene and other defendants ran away.

Approximately one week before Plaintiff was attacked, HDSP confiscated a "kite" that allegedly detailed a "hit" the Aryan Warriors had planned for Plaintiff. Plaintiff alleges HDSP's confiscation of the kite should have put all defendants on notice that there would be an attack.

Plaintiff brought suit in state court, alleging violations of his Constitutional rights ("Count I"); negligent training, supervision, and retention ("Count II"); and intentional infliction of emotional distress ("Count III"). On September 30, 2016, Defendants removed the present action to federal court. The discovery scheduling order deadline to amend/add was May 23, 2017. (Discovery Scheduling Order #19, at 3). Plaintiff filed his Motion to Amend on May 16, 2017.

**II. Legal Standard**

After the pleadings are closed— but early enough not to delay trial— a party may move for judgment on the pleadings. Fed. R. Civ. P. 12(c). Motions for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) are "functionally identical" to a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim. Dworkin v. Hustler Magazine, Inc., 867 F.2d 1188, 1192 (9th Cir. 1989).

In reviewing a motion for judgment on the pleadings, the court "must accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party." Fleming v. Pickard, 581 F.3d 922, 9265 (9th Cir. 2009). "[J]udgment on the pleadings is proper when taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law." Ventress v. Japan Airlines, 486 F.3d 1111, 1114 (9th Cir. 2007) (citations omitted).

**III. Analysis**

The state of Nevada ("the State") argues it is entitled to judgment on the pleadings as to Counts II and III for lack of subject matter jurisdiction because the Eleventh Amendment provides the State sovereign immunity for state tort claims, and that such immunity has not been waived with respect to these two claims. Further, the State claims it is entitled to judgment on the pleadings as to

Count I, stating Section 1983 does not provide a federal forum for litigants seeking damages against a state or state agencies. Last, Plaintiff failed to comply with NRS 41.031's naming requirement. The State incorrectly alleges Plaintiff cannot cure this defect through amendment.

### A. The State Waived Eleventh Amendment Immunity

The State claims it has Eleventh Amendment immunity from litigation in a federal forum. However, "removal is a form of voluntary invocation of a federal court's jurisdiction sufficient to waive the State's otherwise valid objection to litigation in a federal forum." Lapides v. Bd. of Regents of Univ. Sys of Ga., 535 U.S. 613, 624 (2002). "[R]emoval itself affirmatively invokes federal judicial authority and therefore waives Eleventh Amendment immunity from subsequent exercise of that judicial authority." Id. The State removed the present case to this Court, and thereby relinquished its immunity that would provide the basis for a subject matter jurisdiction challenge over the case. Thus, the Court denies Plaintiff's motion for judgment on the pleadings with regard to Counts II and III.

### B. The State Did Not Consent to Plaintiff's 1983 Claim

Count I of Plaintiff's claim alleges all Defendants violated Plaintiff's Eighth Amendment rights when he was stabbed on March 17, 2015, through deliberate indifference to his safety and serious medical needs. The State correctly asserts it is entitled to judgment on the pleadings as to Count I, a claim brought pursuant to 42 U.S.C. Section 1983, because the State is not a person against whom a 1983 claim may be brought without consent.

A state and its officials acting in their official capacities are not considered persons "against whom a §1983 claim for money damages might be asserted," and "the Eleventh Amendment bars such suits unless the State has waived its immunity" from such claims. Lapides, 535 U.S. at 617; Will v. Michigan Dept. of State Police, 491 U.S. 58, 66 (1989). Consent to a 1983 suit cannot be constructive; it must be stated by "the most express language or by such overwhelming implications from the text as [will] leave no room for any other reasonable construction," and it "will be strictly

construed in terms of its scope, in favor of the sovereign." Murray v. Wilson Distilling Co., 213 U.S. 151, 171 (1909); Lane v. Pena, 518 U.S. 187 12 (1996).

The State is not a person against whom a 1983 claim for damages may be asserted, and it has not expressly waived that immunity. The State's removal of this action to federal court— consent to the federal court's adjudication of the case— does not carry with it an implicit consent to this 1983 claim. There is no implication, overt or subtle, that the State intended its broad waiver of jurisdiction via removal to include a specific waiver of immunity from Plaintiff's 1983 claim. Thus, the Court grants the State judgment on the pleadings with regard to Count I.

C. Motion to Amend Complaint

Federal Rule of Civil Procedure 15(a)(2) instructs the Court to give parties leave to amend "freely" so long as "justice requires." While not automatic, the standard is applied with "extraordinary liberality." Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990). Plaintiff failed to properly name the State of Nevada "on relation of the particular department, commission, board, other agency of the State," and now seeks leave to amend his complaint.

Nevada Revised Statute 41.0337 states:

> No tort action arising out of an act or omission within the scope of a person's public duties or employment may be brought against any present or former . . . [o]fficer or employee of the State or of any political subdivision . . . unless the State or appropriate political subdivision is named a party defendant under NRS 41.031.

NRS 41.031 states in relevant part that an action "must be brought in the name of the State of Nevada on relation of the particular department, commission, board, or other agency of the State whose actions are the basis for the suit." NRS 41.031(2).

Defendants' argument that Plaintiff's failure to comply with NRS 41.031 renders his complaint *void ab initio* is inapposite. The authority Defendants cite pertains to the requirement that an affidavit or report must be attached to a complaint in a medical malpractice suit. Such a requirement is completely distinct from the present case. In fact, Defendants cite to a decision in

4

which this Court allowed a plaintiff to amend its complaint in order to comply with NRS 41.031(2). Perez v. State of Nevada, 2016 WL 4744134, at *4 (D. Nev. Sept. 12, 2016).

Further, while Plaintiff failed to properly name the State in the complaint, Plaintiff did properly serve the Attorney General and persons serving in the office of the named agency. (Complaint, #1-4). Additionally, the discovery scheduling order dated March 2, 2017 stated the deadline to amend/add was May 23, 2017. Plaintiff filed his motion to amend on May 16, 2017. Defendants voice no opposition to Plaintiff's motion to amend other portions of the complaint. (Response to Motion to Amend, #30, at 4) ("Plaintiff's motion should be denied to the extent he seeks to correct his failure to comply with Nevada's mandatory naming requirement."). Thus, the Court grants Plaintiff's motion for leave to amend his complaint.

**IV. Conclusion**

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion for Partial Judgment on the Pleadings (#21) is **GRANTED** in part and **DENIED** in part;

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend his Complaint (##24, 26) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff shall have 14 days to file his amended complaint in accordance with this Order.

Dated this 30th day of November, 2017.

_____
Kent J. Dawson
United States District Judge