ADAM PAUL LAXALT
  Attorney General
JARED M. FROST (Bar No. 11132)
  Senior Deputy Attorney General
MATTHEW FEELEY (Bar No. 13336)
  Deputy Attorney General
State of Nevada
Office of the Attorney General
555 E. Washington Avenue, Suite 3900
Las Vegas, Nevada 89101
(702) 486-3177 (phone)
(702) 486-3773 (fax)
Email: jfrost@ag.nv.gov

*Attorneys for Defendants State of Nevada, Greg Cox,
Dwight Neven, Timothy Filson, Joseph Franco,
Jennifer Nash, Stacy Barrett, David Molnar, Bryan Shields,
Victor Daniel, Steven LeMaire, and Antoine Norman*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| WESLEY WEIDNER,<br><br>                    Plaintiff,<br><br>v.<br><br>STATE OF NEVADA; DIRECTOR GREG COX, individually; WARDEN DWIGHT NEVEN, individually; ASSISTANT WARDEN TIMOTHY FILSON, individually; CORRECTIONS OFFICER FRANCO, individually; ASSOCIATE WARDEN JENNIFER NASH, individually; CASEWORKER STACY BARRETT, individually; INSPECTOR GENERAL DAVID MOLNAR, individually; INSPECTOR BRIAN SHIELDS, individually; INSPECTOR VICTOR DANIELS, individually; INSPECTOR STEVE LEMAIRE, individually; SENIOR C.O. NORMAN, individually; DOE LICENSED PRACTICAL NURSE; DOE CORRECTION OFFICERS I-V; DOES I-X, inclusive; and ROES I-X, inclusive,<br><br>                    Defendants. | CASE NO.  2:16–cv–02301–KJD–NJK<br><br>**STIPULATION AND PROTECTIVE ORDER GOVERNING SENSITIVE AND CONFIDENTIAL MATERIAL** |

Plaintiff Wesley Weidner, by and through counsel, Marc A. Saggese, Esq., and Defendants State of Nevada, Greg Cox, Dwight Neven, Timothy Filson, Joseph Franco, Jennifer Nash, Stacy Barrett, David Molnar, Bryan Shields, Victor Daniel, Steven LeMaire, and Antoine Norman, by and through counsel, Adam Paul Laxalt, Nevada Attorney General, Jared M. Frost, Senior Deputy Attorney General, and Matthew Feeley, Deputy Attorney General, hereby agree and stipulate to the following.

1. Due to the unique safety and security issues presented by the prison environment and for the purposes of facilitating discovery and protecting the interests of the parties and third parties against improper use and disclosure of sensitive or confidential information submitted or produced in connection with this Action, the parties agree that this Stipulation and Protective Order Governing Sensitive and Confidential Material shall govern the handling of all Discovery Material, as hereafter defined.

## TERMS USED IN THIS ORDER

2. When used in this Order, the term:

a. "Prison-Sensitive Documents" shall mean all documents or records of any kind created or maintained by the Nevada Department of Corrections ("NDOC") that inmates are generally prohibited from possessing on their person or in their cells, or that the NDOC deems sensitive in the prison environment. Prison-Sensitive Documents include the following document, file, or record categories, and shall be so designated by the Disclosing Party in the Disclosing Party's Production(s) of Documents:

(1) Inmate institutional files;

(2) Inmate medical files;

(3) Employee personnel files;

(4) Investigative records and reports;

(5) Prison records related to inmates other than the Plaintiff in this Action;

(6) Reports generated through the Nevada Offender Tracking Information System ("NOTIS");

(7) Confidential Administrative Regulations and Operational Procedures; and

(8) other sensitive documents as designated by the Disclosing Party.

b. "Highly Confidential Information" shall mean:

(1) Personal contact information of current or former NDOC employees or contractors;

(2) Inmate mental health information; and

(3) Information, the disclosure of which may jeopardize prison operations or create a substantial risk of safety, security, or operational injury. Highly Confidential Information must not be publicly known and must not be ascertainable from an inspection of publicly available documents, materials, or devices.

c. "Disclosing Party" shall refer to any party to this Action and any non-party disclosing or producing Prison-Sensitive Documents or Highly Confidential Information in connection with this Action.

d. "Discovery Material" shall refer to all items or information that are produced or generated in disclosures or responses to discovery in this Action, regardless of the medium or manner in which it was stored, generated, or maintained.

e. "Document" shall have the same meaning as provided in Rule 34 of the Federal Rules of Civil Procedure and shall include, without limitation, all original, written, recorded, electronic, or graphic materials, and all copies, duplicates, or abstracts thereof.

f. "Receiving Party" shall refer to any party to this Action and his or her counsel, and any non-party that receives Prison-Sensitive Documents or Highly Confidential Information in connection with this action.

**DESIGNATION OF HIGHLY CONFIDENTIAL INFORMATION**

3. Designation of documents or other material as Highly Confidential as set forth in Paragraph 2 of this Stipulation and Order may be made at or prior to the time of production of documents by stamping or otherwise affixing the legend "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on each page deemed Highly Confidential

in a manner that does not interfere with the legibility of the document. The Disclosing Party must limit designations of Highly Confidential Information to only those parts of documents, testimony, or material that are clearly identified as containing Highly Confidential Information. If only part of a document is designated Highly Confidential, then, in addition to providing the Receiving Party's attorney with an unredacted copy of the document marked "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," the Disclosing party must also provide a redacted copy of the document that omits the Highly Confidential Information.

4.     A Disclosing Party's designation of Discovery Material as Highly Confidential constitutes a representation that such Discovery Material has been reviewed by counsel and that there is a good faith basis for such designation.

## DISCLOSURE AND USE OF PRISON-SENSITIVE DOCUMENTS

5.     The Disclosing Party, in complying with informal discovery requests, disclosure requirements, or discovery demands in this proceeding, shall provide Prison-Sensitive Documents to Plaintiff's counsel and not directly to Plaintiff.

6.     Plaintiff's counsel shall not provide copies of Prison Sensitive Documents to Plaintiff or any person in the custody of the NDOC, and shall take reasonable steps to ensure that any third parties do not provide Prison-Sensitive Documents to Plaintiff or to any NDOC inmate. The parties agree and acknowledge that this limitation shall not prohibit Plaintiff's counsel from using Prison Sensitive Documents for legitimate litigation purposes, including the discussion of the documents and information contained therein with Plaintiff by phone or through written correspondence, in any in-person meetings to review the documents with Plaintiff during legal visits at the prison, and as exhibits to court filings.

## DISCLSOURE AND USE OF HIGHLY CONFIDENTIAL INFORMATION

7.     The Disclosing Party, in complying with informal discovery requests, disclosure requirements, or discovery demands in this proceeding, shall provide Highly Confidential Information to Plaintiff's counsel and not directly to Plaintiff.

8. Unless otherwise ordered by the Court or permitted in writing by the Disclosing Party, a Receiving Party, including Plaintiff's counsel, shall not disclose Highly Confidential Information to Plaintiff and shall disclose such information only to the following persons:

a. counsel of record in this Action, as well as counsel's employees to whom it is reasonably necessary to disclose the information in connection with this Action;

b. experts, consultants, or investigators including their staff who have signed the Acknowledgment attached hereto as Exhibit A;

c. outside photocopying, microfilming, or database service providers, trial support firms, graphic production services, litigation support services, and translators engaged by the parties during this Action to whom disclosure is reasonably necessary for this Action;

d. the court, any court to which a party petitions for discovery of a non-party, any appellate court, necessary court personnel, and jurors;

e. court reporters and their staff, stenographers or video operators, professional jury or trial consultants, mock jurors, and professional vendors to whom disclosure is reasonably necessary for this Action;

f. during their depositions and deposition preparation, witnesses in the Action to whom disclosure is reasonably necessary and who have signed the Acknowledgment attached hereto as Exhibit A (although such individuals shall not be permitted to retain any copies);

g. any mediator or arbitrator engaged by the named parties in connection with this Action;

h. the author or recipient of a document containing the Confidential Information or a custodian or other person who otherwise possessed or knew the information; and

i. other persons only after notice to all parties and upon order of the Court, or upon written consent of the Disclosing Party.

9.      Disclosure of Highly Confidential Information to any person described in Paragraph 8 of this Stipulation and Order shall be only for the purposes of the preparation and hearing of this proceeding, or any appeal therefrom, and for no other purposes whatsoever absent order of the Court.

~~10.     In the event that any Highly Confidential Information is contained in any~~

See order issued concurrently herewith

~~motion, exhibit, or other paper filed or to be filed with the Court, the filing party~~ ~~e papers under seal. Highly Confidential Information contained in the papers~~ ~~shall remain under seal until further order of the Court. Upon or after filing any paper~~ ~~containing Highly Confidential Information, the filing party shall file on the public record~~ ~~a duplicate copy of the paper that does not reveal the Highly Confidential Information.~~

11.     Any party shall have the right to use Highly Confidential Information during depositions, provided that all persons who are present during such portions of depositions have executed the written acknowledgment attached hereto as Exhibit A and agree to abide by this order. During a deposition, if the contents of a document marked "ATTORNEYS' EYES ONLY" is inquired into, or if counsel for a party believes that the response to a question may result in the disclosure of Highly Confidential Information, or whenever counsel for a party deems that the response to any question *has* resulted in the disclosure of Highly Confidential Information, the deposition (or portions thereof) may be designated by the affected party as containing Highly Confidential Information subjects to the provision of this Stipulation and Order. When such designation has been made, the testimony, or the transcript of such testimony, shall be disclosed only to those parties described in paragraph 8, and the information contained therein shall be used only as specified in this Stipulation and Order.

Counsel for the party whose Highly Confidential Information is involved may also request that all persons not qualified under paragraph 8 of this Stipulation and Order to have access to the Highly Confidential Information leave the deposition room during the confidential portion(s) of the deposition. Failure of such other persons to comply with a request to leave the deposition shall constitute substantial justification for counsel to

advise the witness that the witness need not answer the questions seeking the disclosure of Highly Confidential Information.

12. Inadvertent failure to designate materials as Highly Confidential at the time of production may be remedied by supplemental written notice by the Disclosing Party. The Disclosing Party must notify the Receiving Party within fourteen (14) calendar days after discovering that it inadvertently failed to designate the information as confidential. If such notice is given, all documents, materials, or testimony so designated shall be subject to this Order as if they had been initially designated as Confidential to the extent that such documents, materials, or testimony fall within the definition of Highly Confidential Information. Therefore, the Receiving Party should notify any non-party to whom disclosure was made about the confidentiality designation.

## APPLICATION TO NON-PARTIES

13. Each expert, advisor, consultant, fact witness, or potential fact witness who receives Highly Confidential Information shall be shown a copy of this Order and be advised of its contents. Each such individual shall execute the written acknowledgement attached hereto as Exhibit A.

14. Any person or entity in possession of Highly Confidential Information shall maintain that information in a reasonably secure manner, and shall not reveal or discuss such information to or with any person not entitled to receive it, so that the Highly Confidential Information is not further disclosed or used in any manner inconsistent with this Order. At the time that any consultant or other person retained to assist counsel in the preparation of this Action concludes participation in the Action, such person shall return to counsel all copies of documents or portions thereof containing Highly Confidential Information that are in the possession of such person, together with all notes, memoranda or other papers containing such information.

15. The parties, in conducting discovery from third parties, shall provide to each third party a copy of this Order so as to inform each such third party of his, her, or its rights herein.

## KNOWLEDGE OF UNAUTHORIZED USE OR POSSESSION

16.     The Receiving Party shall immediately notify the Disclosing Party in writing if the Receiving Party learns of any unauthorized possession, knowledge, use or disclosure of any Highly Confidential Information provided by that Disclosing Party. The Receiving Party shall promptly furnish the Disclosing Party full details of such possession, knowledge, use, or disclosure. With respect to such unauthorized possession, knowledge, use, or disclosure, the Receiving Party shall assist the Disclosing Party in preventing its recurrence and shall cooperate reasonably with the Disclosing Party in any efforts to prevent the unauthorized use or further dissemination of the Highly Confidential Information, including contacting any individuals or entities that have unauthorized possession to request that the individuals or entities return all copies in their possession, and cooperating with any motions or litigation filed by the Disclosing Party against the individuals or entities in unauthorized possession who refuse to voluntarily return the documents.

## MISCELLANEOUS PROVISIONS

17.     Nothing in this Order shall be construed as limiting a Disclosing Party's use of its own Highly Confidential Information. In addition, nothing in this Order shall prevent or in any way limit disclosure, use or dissemination of any Confidential Highly Confidential Information that:

        a.     is or became public knowledge, not in breach of this Order;

        b.     was acquired by a party from a non-party having the right to disclose such information; or

        c.     was learned by a party as a result of that party's own independent efforts, investigation, or inquiry.

If a dispute arises as to disclosure limitations for any specific Highly Confidential Information, the burden shall be on the party seeking unlimited disclosure to prove that such Confidential Information was lawfully obtained through the above means or sources.

///

18. No party shall be obligated to challenge the propriety of a designation of Highly Confidential Information when initially received, and a failure to do so shall not preclude a subsequent challenge thereto. If, at any time, a party objects to a designation of Highly Confidential Information under this Order, the objecting party shall notify the Disclosing Party in writing. Within twenty-one (21) calendar days of receipt of such notification, counsel for the disclosing party and the objecting party shall meet and confer in a good faith effort to resolve any disagreement regarding the Disclosing Party's designation of the Highly Confidential Information. If the dispute is not resolved by agreement, the designating party shall move to enforce the confidential designation within fourteen (14) calendar days thereafter. The designating party shall bear the burden of establishing that the materials are properly designated as confidential. Pending such determination by the Court (or the expiration of the period in which any party may make a challenge to an adverse ruling, if later), the records and/or things shall be maintained as confidential material.

19. This Order shall not prejudice in any way the rights of any party to introduce as evidence at trial any document, testimony, or other evidence subject to this Order that is otherwise admissible, or prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony, or other evidence subject to this Order. A party that intends to present or that anticipates that another party may present Highly Confidential Information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Highly Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial. In the event that Highly Confidential Information is used in open court during any court proceeding or filed as a trial exhibit, the material shall lose its confidential status and become part of the public record, unless the Disclosing Party applies for and obtains an order from the court specifically maintaining the confidential status of particular material. Before any court proceeding in which Highly Confidential Information is to be used, counsel

will confer in good faith on such procedures that may be necessary or advisable to protect the confidentiality of any such Highly Confidential Information.

20. Nothing in this Order or any designation of confidentiality hereunder, or any failure to make such designation, shall be used or characterized by any party as an admission by a party or a party opponent.

21. The parties agree that a designation of information as Highly Confidential is not intended to be and shall not be construed as an admission that the Highly Confidential Information is relevant to a party's claims or defenses, nor subject to an applicable privilege or protection.

22. Nothing in this Order shall be deemed an admission that any particular Highly Confidential Information is entitled to protection under this Order, Fed. R. Civ. P. 26(c), or any other law.

23. The treatment accorded under this Order shall survive the termination of this Action.

///
///
///
///
///
///
///
///
///
///
///
///
///
///

24.     This Order shall not prevent any party from applying to the Court for further or additional protective orders, for the modification of this Order, or from agreeing with the other parties to modify this Order, subject to the Court's approval.


DATED this 8th day of June, 2018.          DATED this 8th day of June, 2018.

SAGGESE & ASSOCIATES, LTD.          ADAM PAUL LAXALT
                                                                    Attorney General


By:  /s/  Marc A. Saggese                          By:  /s/  Jared M. Frost
MARC A. SAGGESE, ESQ.                        JARED M. FROST, ESQ.
Nevada Bar No. 7166                                Nevada Bar No. 11132
732 S. Sixth Street, Suite 201                   555 E. Washington Avenue, Ste. 3900
Las Vegas, Nevada  89101                       Las Vegas, Nevada  89101
*Attorneys for Plaintiff*                              *Attorneys for Defendants*




## ORDER

For good cause appearing, the Stipulation and Protective Order Governing Sensitive and Confidential Material as set forth above is **SO ORDERED**.

Dated June 11 _____, 2018.


_____
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

# Acknowledgement

# EXHIBIT A

**EXHIBIT A**

**ACKNOWLEDGEMENT**

I, _____, declare that:

• I have received a copy of the Stipulation and Protective Order Governing Sensitive and Confidential Material ("Confidentiality Agreement") in this Action.

• I have carefully read and understand the provisions of this Confidentiality Agreement and I agree to abide by its terms.

• I will not provide copies of Prison Sensitive Documents to the Plaintiff or to any other incarcerated person.

• I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Confidentiality Agreement, and will not copy or use for purposes other than for this Action any information designated "Highly Confidential" that I receive in this Action, except to the extent that such information designated "Highly Confidential" is or becomes public domain information or otherwise is not deemed "Highly Confidential" in accordance with the Confidentiality Agreement.

• I agree that at the conclusion of the litigation, I will return all Highly Confidential Information to the party or attorney from whom I received it.

• I agree to subject myself personally to the jurisdiction of this Court for the purpose of proceedings relating to my performance under, compliance with, or violation of the Confidentiality Agreement.

• I understand that disclosure of information designated "Highly Confidential" in violation of the Confidentiality Agreement may constitute contempt of court.

I declare under penalty of perjury that the foregoing is true and correct.

_____        _____
Date                                                      Signature