UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| WESLEY WEIDNER,<br><br>    Plaintiff(s),<br><br>v.<br><br>STATE OF NEVADA, et al.,<br><br>    Defendant(s). | Case No.: 2:16-cv-02301-KJD-NJK<br><br>**Order**<br><br>(Docket No. 75) |

      Pending before the Court is the parties' joint motion to strike the stipulation at Docket No. 64. Docket No. 75. The parties ask the Court to strike their stipulation because: (1) they submit it concerns matters protected by attorney-client privilege; (2) the parties never intended for the stipulation to be available on the public docket; and (3) pursuant to Fed.R.Civ.P. 12(f), the stipulation is "immaterial or redundant." *Id.* at 3-4.

      As a preliminary matter, Fed.R.Civ.P. 12(f) is inapplicable to the instant motion because it applies only to pleadings. The Court also admonishes the parties for various submissions it presents to the Court. First, the parties allege that, "without further input from the parties, the Court entered an order instructing the Clerk's Office to unseal the stipulation at ECF No. 64." *Id.* at 3. On June 14, 2018, however, the parties filed a withdrawal of their motion to seal the underlying stipulation. Docket No. 73. The Court therefore ordered the Clerk's Office to unseal the stipulation. Docket No. 74.

1

The parties apparently made the mistaken assumption that, after filing their withdrawal of the motion to seal, the Court would permit the underlying stipulation to remain under seal. This assumption is without basis and runs completely contrary to binding Ninth Circuit case law. Further, the parties' settlement that the Court did not allow their input prior to unsealing the stipulation is belied by the docket itself. The Court's order at Docket No. 69 specifically provided the parties an opportunity to sufficiently explain why the information in the stipulation is privileged and should be sealed. The parties, instead, chose not to provide information to demonstrate that their sealing request meets the standards required by the Ninth Circuit. Docket No. 73.

Second, the parties submit that they chose not to capitalize on the opportunity to provide a supplemental filing because the Court's order for "more detailed information" was "inconsistent with [their] intent to preserve the confidential nature" of the information in the stipulation. Docket No. 75 at 4. The Court is unaware of an instance in which the parties' intent supersedes binding Ninth Circuit precedent that there is a strong presumption of public access to judicial records. *See Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *see also Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). It bears repeating that parties seeking to maintain the confidentiality of documents attached to nondispositive motions must show that good cause exists to overcome the presumption of public access. *See Kamakana*, 447 F.3d at 1179. Parties seeking to maintain the secrecy of documents attached to dispositive motions must show compelling reasons sufficient to overcome the presumption of public access. *Id.* at 1180; *see also* Docket No. 67.

Nonetheless, as a one-time courtesy, the Court **GRANTS** the parties' joint motion and **STRIKES** the stipulation at Docket No. 64. Docket No. 75. The Court **ORDERS** the parties to familiarize themselves with the Ninth Circuit's decision in *Kamakana*, as well as Local Rule IA 10-5, and to file a notice confirming completion no later than June 22, 2018. *See* 447 F.3d 1172; *see also* Docket No. 67. The Court expects the parties to be fully prepared for practice in this Court, and to comply with all applicable case law and rules of practice.

//

2

Failure to do so may result in sanctions.

IT IS SO ORDERED.

Dated: June 20, 2018

                                                                _____
                                                                NANCY J. KOPPE
                                                                United States Magistrate Judge